Affirmed and Memorandum Opinion
filed February 11, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00054-CV



Brenda Hatton, Appellant 

v.

D.R. Horton,
Inc., Appellee 



On Appeal from
the 152nd District Court

Harris County, Texas

Trial Court
Cause No. 2005-66093



 

MEMORANDUM OPINION 

The enforceability of the arbitration clause
contained in D.R. Horton, Inc.’s employee handbook acknowledgment form is again
before this Court.  As we have already twice determined that the arbitration
clause at issue here is valid and enforceable,[1]
we issue this memorandum opinion and affirm the trial court’s judgment.

Appellant Brenda Hatton began working for D.R. Horton
in June of 1997 and signed its “Employee Acknowledgment Form” (“EAF”) in 2001. 
The EAF contained, among other matters, the arbitration clause at issue here. 
Hatton sued D.R. Horton in 2005 for discrimination and breach of contract. 
D.R. Horton filed a motion to dismiss and compel arbitration, and the trial
court denied the motion.

In November 2006, a panel of this court conditionally
granted D.R. Horton’s petition for writ of mandamus in this lawsuit.[2]  The trial
court subsequently vacated its order denying D.R. Horton’s motion to dismiss
and compel arbitration.  D.R. Horton and Hatton submitted to court-ordered binding
arbitration.  Following arbitration, the trial court entered a final take-nothing
judgment in favor of D.R. Horton on December 11, 2008.  Hatton timely filed
this appeal from the trial court’s final judgment.

As she did in her response to D.R. Horton’s petition
for writ of mandamus, Hatton argues the arbitration provision contained in the
EAF is unenforceable because it is (a) illusory, (b) indefinite, and (c)
unconscionable.  These are the same legal arguments made and addressed in both
our prior opinion in this case and in a similar case, D.R. Horton, Inc. v.
Brooks.[3] 
In these opinions, we determined the arbitration clause at issue is valid and
enforceable.  Because the legal arguments in this case are the same as those
addressed in our prior opinions, these opinions are controlling and we cite the
parties to them.  

We therefore overrule Hatton’s three issues and affirm the
trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Chief Justice Hedges and Justices Anderson
and Christopher.









[1]
D.R. Horton, Inc. v. Brooks, 207 S.W.3d 862 (Tex. App.—Houston [14th
Dist.] 2006, orig. proceeding); D.R. Horton, Inc. v. Hatton, Nos.
14-06-00262-CV, 14-06-00284-CV, 2006 WL 3193722, at *1 (Tex. App.—Houston [14th
Dist.] Nov. 7, 2006, orig. proceeding) (mem. op.).  





[2]
Hatton, 2006 WL 3193722, at *1.





[3] 207 S.W.3d at
867–870.  The arbitration clause and other provisions contained in the EAF at
issue here are set forth in Brooks; except for minor grammatical
differences, the EAF signed by Hatton is the same as that set forth in that
opinion.